IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JAN 18 2017

ARTHUR JOHNSTON
BY_____ DEPUTY

ASSOCIATED INDUSTRIES                    )
INSURANCE COMPANY,                       )
                                         )
        Plaintiff,                       )        No. 3:17-cv-37 DPJ-FKB
                                         )
v.                                       )
                                         )
BRAD WILLIAMS LLC, REVCLAIMS LLC, and    )
LANDMARK AMERICAN INSURANCE COMPANY,     )
                                         )
        Defendants.                      )

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Associated Industries Insurance Company ("AIIC"), by and through the undersigned counsel, and hereby brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201. For its Complaint for Declaratory Judgment against Brad Williams LLC, RevClaims LLC, and Landmark American Insurance Company, AIIC hereby alleges as follows:

### I.      THE PARTIES

1.      AIIC is a Florida corporation with its principal place of business and corporate headquarters located in Boca Raton, Florida. AIIC is registered and/or authorized to transact business in the State of Mississippi.

2.      Upon information and belief, Brad Williams LLC and RevClaims LLC are both Mississippi limited liability companies with their principal place of business located in Jackson, Mississippi. Upon information and belief, the sole member of Brad Williams LLC, is Brad Williams, who resides and is domiciled in the State of Mississippi. Brad Williams LLC, may be

served with process via its registered agent, Brad Williams, at 1020 South Maxwell Street, Poplarville, Mississippi 39470.

3.     Upon information and belief, the sole member of RevClaims LLC ("RevClaims") is Brad Williams, who resides and is domiciled in the State of Mississippi.  RevClaims may be served with process via its registered agent, Brad Williams, at 120 Stone Creek Boulevard, Suite 900, Flowood, Mississippi 39232.

4.     Upon information and belief, Landmark American Insurance Company ("Landmark") is a Georgia corporation with its principal place of business located in Atlanta, Georgia, and may be served with process at 945 East Paces Ferry Road NE, Suite 1800, Atlanta Georgia 30326.

## II.     JURISDICTION AND VENUE

5.     This Court has the power to determine the parties' respective rights and other legal obligations as requested herein pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  The respective demands by Brad Williams LLC, RevClaims and Landmark on AIIC, discussed below, creates an actual controversy for this Court to adjudicate.

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.     Venue is proper before this Court pursuant to 28 U.S.C. § 93(b) and 28 U.S.C. § 1391(a) because Brad Williams LLC and RevClaims are located within this judicial district and because the subject insurance policy was issued by AIIC to Brad Williams LLC and RevClaims in this judicial district.  Upon information and belief, the subject insurance policy issued by Landmark was also issued to Brad Williams LLC and RevClaims in this judicial district.

### III.    FACTUAL ALLEGATIONS

### The AIIC Policy

8.     AIIC issued Policy No. AES1038473 00 (the "AIIC Policy") naming Brad Williams LLC as Named Insured.  By endorsement effective May 1, 2016, RevClaims was also named as Named Insured.  The AIIC Policy is subject to an effective Policy Period of May 1, 2016, to May 1, 2017 (the "AIIC Policy Period").  A true and accurate copy of the AIIC Policy is attached hereto as **Exhibit A.**

9.     Insuring Agreement I.A of the AIIC Policy states:

> The **Company** shall pay **Damages** and **Claim Expenses,** in excess of the Self-Insured Retention identified in the Declarations, if applicable, and subject to the Policy's Limit of Liability, that the **Insured** shall become legally obligated to pay as a result of a **Claim** made against the **Insured** for a **Wrongful Act,** provided that (i) the **Claim** is first made against the **Insured** and reported to the **Company,** in writing, during the **Policy Period** or the Extended Reporting Period, if applicable; (ii) the **Insured** has no knowledge of such **Wrongful Act** prior to the Inception Date of this Policy; and (iii) such **Wrongful Act** took place on or after the **Retroactive Date** set forth in the Declarations Page of this Policy and prior to the end of the **Policy Period.**

10.     Insuring Agreement I.C of the AIIC Policy states:

> As part of and subject to the Policy's Limit of Liability, the **Company** shall have the right and duty to defend any **Claim** against the **Insured** to which this Policy applies, even if the allegations of the **Claim** are groundless, false, or fraudulent. However, the **Company's** duty to defend shall terminate upon exhaustion of the applicable Limit of Liability by the payment of **Damages** and/or **Claim Expenses.**

11.     Section II.C of the AIIC Policy defines Claim as:

> "**Claim**" means a written demand received by the **Insured** for monetary **Damages** which alleges a **Wrongful Act,** including:
>
> 1. the service of suit or any civil proceeding in a court of law or equity, including any appear therefrom, which is

commenced by the filing of a complaint, motion for judgment, or similar proceeding;

2. institution of arbitration, mediation or other formal alternative dispute resolution proceeding;

3. any written request to toll or waive a statute of limitations.

A **Claim** for injunctive relief alleging any **Wrongful Act** for which insurance would have been granted under this Policy if **Damages** had been sought, will be considered a **Claim** for the purposes of this Policy, but only if the **Claim Expenses** arising therefrom will be covered by this Policy.

12.    The AIIC Policy is subject to a $2,000,000 limit of liability per Claim and a $25,000 self-insured retention per Claim.

13.    Section II.BB of the AIIC Policy defines Wrongful Act as:

"**Wrongful Act**" means any actual or alleged negligent act, error, or omission committed or attempted in the rendering or failure to render **Professional Services** by any **Insured** on behalf of the **Named Insured** including but not limited to **Personal Injury**.

14.    Section V.E of the AIIC Policy states:

**Claims** alleging, based upon, arising out of or attributable to the same **Wrongful Act(s)** or **Interrelated Wrongful Acts** shall be treated as a single **Claim** regardless of whether made against one or more than one **Insured**. All such **Claims**, whenever made, shall be considered first made during the **Policy Period**, the Automatic Extended Reporting Period, or Optional Extended Reporting Period, if purchased, in which the earliest **Claim** arising out of such **Wrongful Act(s)** or **Interrelated Wrongful Acts** was first made, and all such **Claims** shall be subject to the Limit of Liability and Retention set forth in such Policy.

15.    Section II.L of the AIIC Policy defines Interrelated Wrongful Acts as:

**Wrongful Acts** that are causally or logically related and include all **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, or event, or which are the same, related or continuous acts, regardless of whether the **Claim** or **Claims** alleging such acts involve the same or different claimants, **Insureds** or legal causes of action.

16.     As amended by endorsement, Section II.V of the AIIC Policy defines Professional

Services as:

> **"Professional Services"** means services:
> 1.  provided by any **Insured** to others as a lawyer, mediator, arbitrator, notary public, medical claims billing, and healthcare lien filing, but solely for services on behalf of the **Named Insured** or Predecessor Firm designated in the Declarations; or
> 2.  performed by any **Insured** as an administrator, conservator, receiver, executor, guardian, trustee, or in any other fiduciary capacity, but only if the act or omission in dispute is in the rendering of services ordinarily performed as a lawyer and then only to the extent that such services are on behalf of and inure to the benefit of the **Named Insured** or any Predecessor Firm designated in the Declarations.

17.     Section II.G of the AIIC Policy defines Damages as:

> [A]ny compensatory sum which the **Insured** becomes legally obligated to pay and includes:
> 1. monetary judgments or settlements;
> 2. punitive or exemplary damages to the extent such damages are insurable under the law most favorable to the insurability of such damages of any jurisdiction which has a substantial relationship to the **Insured**, the **Company**, this Policy or the **Claim**;
> 3. pre-judgment and post-judgment interest.
>
> **"Damages"** shall not include:
> 1. taxes, fines or penalties, sanctions, whether imposed by law or otherwise (except as provided above with respect to punitive or exemplary damages);
> 2. the return, reduction or restitution of fees, expenses or costs for **Professional Services** performed or to be performed by the **Insured**, or disgorgement by any **Insured**;
> 3. matters uninsurable under the law pursuant to which this Policy is construed;
> 4. the cost of correcting, re-performing or completing **Professional Services**;
> 5. future profits, future royalties, costs of licensing, or other costs of obtaining future use; or the costs to comply with orders granting injunctive relief or non-monetary relief, including specific performance, or any agreement to provide such relief.

18.     Section II.D of the AIIC Policy defines Claim Expenses as:

      1. reasonable and necessary fees charged by an attorney designated by the **Company**;
      2. all other reasonable fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of a **Claim**, if incurred by the **Company** or by the **Insured** with the written consent of the
**Company**.

      **"Claim Expenses"** shall not include (i) salary expenses or wages of any employee or officer of the **Company** or any supervisory counsel retained by the **Company;** (ii) salary expenses or wages of the **Insureds**; or (iii) any fees, costs or expenses incurred in connection with any criminal proceedings or actions against an **Insured**.   The determination by the **Company** as to the reasonableness of **Claim Expenses** shall be conclusive on the **Insured**.

19.     Exclusion III.A of the AIIC Policy states:

      This Policy shall not apply to any **Damages** or **Claims Expenses** incurred with respect to any **Claim**: . . .

      [B]ased upon or arising out of any actual or alleged dishonest, criminal, intentional, malicious or fraudulent act, error or omission or any willful violation of any statute or regulation by an **Insured**, if a final adjudication adverse to such **Insured** establishes such a dishonest, criminal, intentional, malicious or fraudulent act, error or omission or any willful violation.

20.     Exclusion III.F of the AIIC Policy states:

      This Policy shall not apply to any **Damages** or **Claims Expenses** incurred with respect to any **Claim**: . . .

      [B]ased upon or arising out of any gaining by the **Insured** of any profit, remuneration or advantage to which such Insured was not legally entitled, including the disgorgement of any such profit, remuneration or financial advantage by the **Insured**, if a final adjudication adverse to such **Insured** establishes such conduct.

## THE LANDMARK POLICY

21.     Upon information and belief, Landmark issued Policy No. LHR751124, naming Brad Williams LLC and RevClaims as insured (the "Landmark Policy").  Upon information and belief, the Landmark Policy is subject to a policy period of May 1, 2015 to May 1, 2016 (the "Landmark Policy Period").

22.     Upon information and belief, the Landmark Policy was not renewed after it expired on May 1, 2016.

23.     Upon information and belief, the Landmark Policy provided "claims made and reported" coverage.

24.     Upon information and belief, the Landmark Policy provides in relevant part:

> The Company will pay on behalf of the Insured, as shown in the Declaration, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error or omission, or **Personal Injury**, even if the **Claim** asserted is groundless, false or fraudulent, in the rendering of or failure to render **Professional Services** as a Lawyer, provided that the:
>
> 1. **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than thirty (30) days after the end of the **Policy Period** . . . .

25.     Upon information and belief, the Landmark Policy provides in relevant part:

> All **Claims** arising out of a single negligent act, error or omission, or a series of related negligent acts, errors or omissions by one or more Insureds shall be treated as a single **Claim** for all purposes of this policy. All **Claims** shall be deemed first made when the earliest of such **Claims** is first made, regardless of whether such date is before or during the **Policy Period** and all such **Claims** shall be subject to the same Each Claim Limit of Liability during that **Policy Period**.

26.     Upon information and belief, the Landmark Policy provides coverage for Claims made after the May 1, 2016, expiration date if the Claim arises out of "a series of related negligent acts, errors or omissions by one or more Insureds" and is therefore treated as a single Claim first made during the Landmark Policy Period.

## THE UNDERLYING LAWSUITS

27.     On or about July 7, 2016, a lawsuit was filed against (among others) RevClaims by "Tammy Hargett, individually and on behalf of all others similarly situated" (Craighead County, Arkansas Circuit Court No. CV-2016-449, the "Hargett Complaint"). A true and accurate copy of the Hargett Complaint is attached hereto as **Exhibit B**.

28.     Via letter dated September 8, 2016, AIIC agreed to defend RevClaims with regard to the Hargett Complaint under a full reservation of all rights, remedies, and defenses. A true and accurate copy of AIIC's September 8, 2016, letter, which is incorporated herein by reference, is attached hereto as **Exhibit C**.

29.     On or about August 19, 2016, a lawsuit was filed against (among others) RevClaims by "Sue Garrison, individually and on behalf of all others similarly situated" (Craighead County, Arkansas Circuit Court No. CV-2016-601(JF), the "Garrison Complaint"). A true and accurate copy of the Garrison Complaint is attached hereto as **Exhibit D**.

30.     The Hargett Complaint and the Garrison Complaint allege Interrelated Wrongful Acts under the AIIC Policy and, therefore, constitute a single Claim under the AIIC Policy.

31.     Via letter dated September 9, 2016, AIIC agreed to defend RevClaims with regard to the Hargett Complaint and the Garrison Complaint under a full reservation of all rights, remedies, and defenses. A true and accurate copy of AIIC's September 9, 2016, letter, which is incorporated herein by reference, is attached hereto as **Exhibit E**.

32.     On or about September 14, 2016, a lawsuit was filed against (among others) RevClaims by Alicia Pledger (Mobile County, Alabama Circuit Court No. 02-CV-2016-901926, the "Pledger Complaint").  A true and accurate copy of the Pledger Complaint is attached hereto as **Exhibit F**.

33.     The Hargett Complaint, the Garrison Complaint, and the Pledger Complaint each allege Interrelated Wrongful Acts and, therefore, constitute a single Claim under the AIIC Policy.

34.     On or about November 17, 2016, AIIC first learned that RevClaims had provided notice of the Pledger Complaint to its prior insurance carrier, Landmark.

35.     On or about November 17, 2016, AIIC first learned that via letter dated October 21, 2016, Landmark agreed to defend RevClaims with regard to the Pledger Complaint.  A true and accurate copy of the October 21, 2016 letter is attached hereto as **Exhibit G**.

36.     On or about November 17, 2016, AIIC also first learned that a lawsuit was filed against (among others) RevClaims on February 27, 2016, by Elizabeth Wiggins (Mobile County, Alabama Circuit Court No. 02-CV-2016-900412, the "Wiggins Complaint").  A true and accurate copy of the Wiggins Complaint is attached hereto as **Exhibit H**.

37.     Upon information and belief, and as stated more fully in the October 21, 2016 letter, in addition to defending RevClaims with regard to the Pledger Complaint, Landmark is also defending RevClaims with regard to the Wiggins Complaint.

38.     The Wiggins Complaint constitutes a Claim, and was first made prior to the May 1, 2016 to May 1, 2017 AIIC Policy Period.  The Wiggins Complaint was first made during the Landmark Policy Period.

39.     The  Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint each allege Interrelated Wrongful Acts and, therefore, constitute a single Claim under the AIIC Policy.

40.     The Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint constitute a single Claim that is considered to be "first made" no later than February 27, 2016, when the Wiggins Complaint was filed.

41.     Because the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint constitute a single Claim that was first made prior to the May 1, 2016 to May 1, 2017 AIIC Policy Period, coverage is not implicated under the AIIC Policy with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, or the Pledger Complaint.

42.     Because the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint constitute a single Claim that was first made during the Landmark Policy Period, coverage is implicated under the Landmark Policy.

43.     Because RevClaims had knowledge of the Wrongful Acts alleged in the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint prior to the May 1, 2016 inception date of the Policy, coverage is not implicated under the AIIC Policy with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, or the Pledger Complaint.

44.     AIIC is entitled to a declaration that it has no duty to defend RevClaims, and no duty to pay Damages or Claim Expenses of RevClaims with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint.

45.     To the extent a final adjudication adverse to RevClaims establishes a dishonest, criminal, intentional, malicious or fraudulent act, error or omission or any willful violation, Exclusion III.A will be implicated.

46.     To the extent a final adjudication adverse to RevClaims establishes any gaining by RevClaims of any profit, remuneration or advantage to which it was not legally entitled, including the disgorgement of any such profit, remuneration or financial advantage by RevClaims, Exclusion III.F will be implicated.

47.     AIIC continues to fully reserve any and all rights, remedies, and defenses at law, in equity, and under the AIIC Policy and its endorsements in relation to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint.  The filing of this Complaint does not constitute a waiver of any of AIIC's rights, remedies, and defenses at law, in equity, and under the AIIC Policy.

48.     Additional conditions, limitations, and exclusions may exclude or limit coverage for Brad Williams LLC and RevClaims with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint.

49.     Upon information and belief, Landmark has a duty to defend RevClaims with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint, and each lawsuit is covered under the Landmark Policy.

## COUNT I – DECLARATORY JUDGMENT

50.     AIIC hereby incorporates by reference the allegations contained in Paragraphs 1 through 49 of this Complaint as if set forth fully herein.

51.    The Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint each allege Interrelated Wrongful Acts.  As a result, the lawsuits are treated as a single Claim under the AIIC Policy.

52.    The Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint are treated as being "first made" no later than February 27, 2016, which is prior to the May 1, 2016 to May 1, 2017 AIIC Policy Period.

53.    An essential element under Insuring Agreement I.A is "the Claim is first made against the Insured and reported to the Company, in writing, during the Policy Period or the Extended Reporting Period, if applicable."  The Claim was not first made and reported to AIIC, in writing, during the AIIC Policy Period.

54.    AIIC, therefore, has no duty to defend RevClaims and no duty to pay Damages or Claim Expenses with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint.

55.    An essential element under Insuring Agreement I.A is "the Insured has no knowledge of such Wrongful Act prior to the Inception Date of this Policy."  Upon information and belief, RevClaims had knowledge of the Wrongful Acts alleged in the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint prior to the May 1, 2016, inception date of the AIIC Policy.

56.    AIIC, therefore, has no duty to defend Rev Claims and no duty to pay Damages or Claim Expenses with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint.

57.    AIIC is entitled to a judicial declaration that it has no obligation to Brad Williams LLC or RevClaims, under the AIIC Policy or otherwise, with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint.

58.    AIIC is entitled to a judicial declaration that Exclusion III.A is implicated, and that AIIC has no duty to pay Damages or Claim Expenses, to the extent a final adjudication adverse to RevClaims establishes a dishonest, criminal, intentional, malicious or fraudulent act, error or omission or any willful violation.

59.    AIIC is entitled to a judicial declaration that Exclusion III.F is implicated, and that AIIC has no duty to pay Damages or Claim Expenses, to the extent a final adjudication adverse to RevClaims establishes any gaining by RevClaims of any profit, remuneration or advantage to which it was not legally entitled, including the disgorgement of any such profit, remuneration or financial advantage.

60.    AIIC is entitled to a judicial declaration that Landmark owes a duty to defend RevClaims with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint.

## COUNT II – CONTRIBUTION AND EQUITABLE SUBROGATION

61.    AIIC hereby incorporates by reference the allegations contained in Paragraphs 1 through 60 of this Complaint as if set forth fully herein.

62.    AIIC is currently defending RevClaims with regard to the Hargett Complaint and the Garrison Complaint under a full reservation of all rights, remedies, and defenses.   The $25,000 per Claim self-insured retention has been exhausted, and AIIC is currently paying Claim Expenses incurred by RevClaims with regard to the Hargett Complaint and the Garrison Complaint under a full reservation of all rights, remedies, and defenses.

63.     Landmark is not defending RevClaims with regard to the Hargett Complaint and the Garrison Complaint even though, upon information and belief, it has a duty to do so.

64.     The Claim Expenses paid by AIIC should rightfully be paid by Landmark, as it has a duty to defend RevClaims with regard to the Hargett Complaint and the Garrison Complaint (as well as the Pledger Complaint and the Wiggins Complaint).

65.     Upon a declaration by this Court that AIIC has no duty to pay Damages or Claim Expenses with regard to the Hargett Complaint and the Garrison Complaint, AIIC is entitled to judgment against Landmark for all Damages and Claim Expenses previously paid by AIIC with regard to the Hargett Complaint and the Garrison Complaint.

66.     The Damages and Claim Expenses paid by AIIC with regard to the Hargett Complaint and the Garrison Complaint are more than is equitable, as AIIC has no duty to defend RevClaims and said defense should be provided by Landmark.

67.     When an insurer is paying more than its equitable share of a loss, it has the right to seek equitable contribution from other insurers whose policies are implicated.

68.     The Damages and Claim Expenses paid by AIIC with regard to the Hargett Complaint and the Garrison Complaint should equitably be paid by Landmark.

WHEREFORE, PREMISES CONSIDERED, AIIC respectfully requests the following relief:

1.     That the proper process be issued and that the Defendants be required to answer this Complaint in the time prescribed to them by law;

2.     For an Order declaring AIIC's rights and obligations under the AIIC Policy, if any, related to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint;

3.     For an Order declaring that AIIC has no duty to defend RevClaims, and no duty to pay Damages or Claim Expenses, with regard to the Wiggins Complaint, the Hargett Complaint, the Garrison Complaint, and the Pledger Complaint;

4.     For an Order declaring that Landmark has a duty to defend RevClaims under the Landmark Policy with regard to the Hargett Complaint and the Garrison Complaint (as well as the Wiggins Complaint and the Pledger Complaint);

5.     For judgment against Landmark for all Damages and Claim Expenses paid by AIIC with regard to the Hargett Complaint and the Garrison Complaint in an amount to be proven at trial;

6.     For an Order declaring that RevClaims must reimburse AIIC for any Damages and Claim Expenses previously paid by AIIC; and

7.     For such further relief as this Court deems just and proper.

Respectfully submitted this the 18th day of January, 2017.

ASSOCIATED INDUSTRIES INSURANCE COMPANY

By: _____

ALEC M. TAYLOR (MSB #102874)

OF COUNSEL:

KREBS FARLEY PLLC
One Jackson Place, Suite 900
188 East Capitol Street
Jackson, Mississippi 39201
Phone: (601) 968-6710
Fax: (601) 968-6708
ataylor@kfplaw.com

*and*

Jeffrey S. Price        Tennessee 19950
Justin D. Wear        Tennessee 23954
MANIER & HEROD, P.C.
150 Fourth Avenue North, Suite 2200
Nashville TN 37219
Phone: (615) 244-0030
Fax: (615) 242-4203
JPrice@manierherod.com
JWear@manierherod.com

*Motions for Admission Pro Hac Vice to be Submitted*