Case 3:17-cv-00037-DPJ-FKB   Document 1-8   Filed 01/18/17   Page 1 of 9
DOCUMENT 2

ELECTRONICALLY FILED
2/27/2016 7:08 AM
02-CV-2016-900412.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK



## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| ELIZABETH WIGGINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| INFIRMARY HEALTH SYSTEM, INC., ) | |
| MOBILE INFIRMARY ASSOCIATION ) | CV16-_____ |
| MOBILE INFIRMARY MEDICAL ) | |
| CENTER, MOBILE INFIRMARY ) | |
| HEALTH, RevClaims, LLC A, B, C, D, E, ) | |
| F and G, being those person or persons who ) | |
| are liable under the theories set forth ) | |
| hereinbelow all of whose true names and ) | |
| legal identities are unknown to the plaintiff ) | |
| at this time, but who will be added by ) | |
| amendment, individually and ) | |
| jointly, when ascertained. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COME NOW, Plaintiff, ELIZABETH WIGGINS, by and through her counsel of record, and file their claims against Defendants, and each of them, as follows:

1.  Plaintiff, ELIZABETH WIGGINS, is an adult resident of Escambia County, Alabama.

2.  Defendant, INFIRMARY HEALTH SYSTEM, INC., is a healthcare provider located in Mobile County, Alabama, at 5 Mobile Infirmary Circle, Mobile, Alabama, 36607, and was doing business in Mobile County on the date of the acts complained of herein.

3.  Defendant, MOBILE INFIRMARY ASSOCIATION doing business as Mobile Infirmary Medical Center is a hospital located in Mobile County, Alabama, at 5 Mobile Infirmary Circle, Mobile, Alabama, 36607, and was doing business in Mobile County on the date of the acts complained of herein.

EXHIBIT "H"

DOCUMENT 2

4. Defendant, MOBILE INFIRMARY MEDICAL CENTER, a corporation, is a hospital located in Mobile County, Alabama, at 5 Mobile Infirmary Circle, Mobile, Alabama, 36607, and was doing business in Mobile County on the date of the acts complained of herein.

5. RevClaims, LLC is a foreign corporation doing business in Mobile, Alabama.

6. Entities named in paragraphs 1 through 4 will be referred to as the "Infirmary Defendants".

7. RevClaims, LLC is a revenue maximizer, debt collector, claims handler, injury claim billers, lien filer, and claim they are a third party billing company contracted with Mobile Infirmary for accident claims. RevClaims, LLC contends they are not a debt collection agency.

8. The Infirmary Defendants had a Member Hospital Agreement, Participating Hospital Contract, provider agreement and other contractual arrangements with BlueCross BlueShield of Alabama ("BCBS") wherein the Infirmary Defendants were to submit all claims to BCBS for payment pursuant to the contract(s) with the Infirmary defendants and/or with respect to BCBS insureds.

9. BCBS had a contract of insurance providing health care benefits to their insureds in exchange for premium payments.

10. BCBS would examine the Infirmary Defendants total charges, pay the eligible charges, and the insureds would only be responsible for charges pursuant to the BCBS contract.

11. Defendants, A, B, C, D, E, F and G, being those person or persons who are liable to the plaintiff under the theories set forth hereinbelow all of whose true names and legal identities are unknown to the plaintiff at this time, but who will be added by amendment, individually and jointly, when ascertained.

12. The Defendants, and each of them, were the agents, servants, or employees of one

another or were otherwise engaged in a joint venture with one another. Defendants, and each of them, acted through their agents, servants, and/or employees at all times material hereto.

13.     Plaintiff was treated by the Infirmary defendants arising out of a motorcycle wreck on 9/1/15 resulting in plaintiff losing both legs. The Infirmary defendants had RevClaims, LLC, file a lien against plaintiff (attached and incorporated herewith).

14.     The Infirmary defendants and RevClaims, LLC, despite the fact that plaintiff had BCBS, failed to bill BCBS so they could claim the full amount of the medical charges. Said defendants, and each of them, filed a lien to enforce this purported claim.

15.     Moreover, the Infirmary defendants and RevClaims, LLC refused to provide a UB-04 form to their patient so they could submit said charges to BCBS per their contract with plaintiff.

## COUNT ONE
## (THIRD-PARTY BENEFICIARY)

16.     Plaintiffs adopt and re-allege paragraphs 1 through 15 above as if fully set forth herein.

17.     Plaintiff was a third-party beneficiary of the contract between defendants and BCBS. Defendants, and each of them, breached said contract(s) by 1) not submitting plaintiff's claims to BCBS and 2) not providing the UB-04 form to plaintiff.

WHEREFORE, the plaintiffs demand judgment for compensatory damages against the defendants, and each of them, for a sum in excess of the minimal jurisdictional limits of this Court, plus interest, court costs, and such other special and consequential damages.

## COUNT TWO
## (SPECIFIC PERFORMANCE)

18.     Plaintiffs adopt and re-allege paragraphs 1 through 15 above as if fully set forth

herein.

19.     Defendants, and each of them, failed to bill BCBS for the medical bills and provide the UB-04 form.

WHEREFORE, the plaintiff demands, 1) the Infirmary defendants bill BCBS and 2) the Infirmary defendants provide plaintiff with a UB-04 form, plus interest, court costs, and such other special and consequential damages.

## COUNT THREE
### (DECLARATORY JUDGMENT)

20.     Plaintiffs hereby adopt and incorporate paragraphs 1 through 15 of the Complaint as if fully set out herein.

21.     Defendants, and each of them, are to bill BCBS and provide a UB-04 form. They failed to do so.

22.     As a proximate result of said failures, the plaintiffs have been injured and damaged.

WHEREFORE, the plaintiffs demand judgment for an Order compelling defendants, and each of them to bill BCBS and provide a UB-04 and pay all damages for defendants' failures to do so.

## COUNT FOUR
### (UNJUST ENRICHMENT)

23.     Plaintiffs adopt and reallege paragraphs 1 through 15 above as if fully set forth herein.

24.     Defendants, and each of them, were unjustly enriched by failing to bill BCBS for plaintiff's medical bills resulting in a lien for the full amount of the medical charges as opposed to the BCBS amount and 2) failing to provide a UB-04 form so plaintiff could submit said charges for payment to BCBS.

25.     As a proximate result of said acts and/or omissions on the part of the defendants, and each of them, the plaintiff has been injured and damaged.

WHEREFORE, the plaintiffs demand judgment for compensatory and punitive damages against the defendants, and each of them, for a sum in excess of the minimal jurisdictional limits of this Court, plus interest, court costs, and such other special and consequential damages.

## COUNT FIVE
### (TORTIOUS INTERFERENCE WITH A CONTRACT)

26.     Plaintiffs adopt and reallege paragraphs 1 through 15 above as if fully set forth herein.

27.     Plaintiff and BCBS had a health insurance contract providing health care benefits to plaintiff.

28.     Defendants, and each of them, knew of said contractual arrangement.

29.     Defendants, and each of them, intentionally interfered with said contractual relationship by failing to provide the UB-04 form and failing to submit the medical charges to BCBS for payment, among other things.

30.     Defendants, and each of them, had no justification for said interference.

WHEREFORE, the plaintiffs demand judgment for compensatory and punitive damages against the defendants, and each of them, for a sum in excess of the minimal jurisdictional limits of this Court, plus interest, court costs, and such other special and consequential damages.

## COUNT SIX
### (CIVIL CONSPIRACY)

31.     Plaintiffs adopt and reallege paragraphs 1 through 15 above as if fully set forth herein.

32. Defendants, and each of them, engaged in a combination or concerted action between each other to accomplish something that is unlawful, oppressive or immoral, or to accomplish a permissible purpose by unlawful, oppressive, or immoral means.

WHEREFORE, the plaintiffs demand judgment for compensatory and punitive damages against the defendants, and each of them, for a sum in excess of the minimal jurisdictional limits of this Court, plus interest, court costs, and such other special and consequential damages.

## COUNT SEVEN
## (INJUNCTION)

33. Plaintiffs adopt and reallege paragraphs 1 through 15 above as if fully set forth herein.

34. Plaintiff requests the Court to direct defendants, and each of them, to bill BCBS for plaintiff's medical charges, to stop filing liens where there is insurance, and to provide a UB-04 form to plaintiff.

WHEREFORE, the plaintiffs demand judgment as set forth above.

## COUNT EIGHT
## (NEGLIGENCE)

35. Plaintiff adopts and incorporates by reference paragraphs 1 through 15 by reference as if fully set out herein.

36. Defendants, and each of them, negligently filed a lien, failed to bill BCBS, and failed to give plaintiff a UB-04 form.

37. As a proximate consequence and result of the negligence of defendants, and each of them, individually and jointly, which combined and concurred, plaintiff was injured and damaged.

WHEREFORE, plaintiff demands compensatory damages in excess of the minimal jurisdictional limits of this Court.

## COUNT NINE
## (WANTONNESS)

38.     Plaintiff adopts and incorporates by reference paragraphs 1 through 15 by reference as if fully set out herein.

39.     Defendants, and each of them, wantonly filed a lien, failed to bill BCBS, and failed to give plaintiff a UB-04 form.

40.     As a proximate consequence and result of the wantonness of defendants, and each of them, individually and jointly, which combined and concurred, plaintiff was injured and damaged.

WHEREFORE, plaintiff demands compensatory and punitive damages in excess of the minimal jurisdictional limits of this Court.

## COUNT TEN
## (SLANDER OF TITLE)

41.     Plaintiff adopts and incorporates by reference paragraphs 1 through 15 by reference as if fully set out herein.

42.     Defendants, and each of them, filed a lien against the plaintiff without checking to see whether plaintiff had health insurance, claimed the full amount of the medical bills knowing the plaintiff had health insurance, failed to provide plaintiff a UB-04 form to submit said bills to BCBS so the lien would be cancelled, and/or publicly represented that the total amount of the medical bills were due and owing from plaintiff.

WHEREFORE, plaintiff demands compensatory and punitive damages in excess of the minimal jurisdictional limits of this Court.

/s/ James J. Dailey
James J. Dailey
(DAI005)
1111 Dauphin St.

Mobile, AL 36604
Phone: 251-441-9946
Fax: 251-650-3896
E-mail: jim@jimdailey.com

/s/Earle W. Long IV
Earle W. Long, IV
(LON 026)
Long & Long, P.C.
301 St Louis St.
Mobile, AL 36602
Phone: 251-432-4878
Fax: 251-445-0282
E-mail earle@lwpc.com

/s/ Desmond V. Tobias
Desmond V. Tobias
(TOB002)
Tobias, McCormick& Comer, LLC
1203 Dauphin St.
Mobile, AL 36604
Phone: 251-432-5001
Fax: 251-432-0714
E-mail: desi@tmclawyers.com

**PLAINTIFF DEMANDS A JURY TRIAL**

/s/JAMES DAILEY
JAMES DAILEY

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL**

**Infirmary Health System, Inc.**
c/o D. M. Nix
5 Mobile Infirmary Circle
Mobile, Alabama  36607

**Mobile Infirmary Medical Center**
c/o D. M. Nix
5 Mobile Infirmary Circle
Mobile, Alabama  36607

**MOBILE INFIRMARY ASSOCIATION**
c/o D. M. Nix
5 Mobile Infirmary Circle
Mobile, Alabama  36607

DOCUMENT 2

**RevClaims, LLC**
120 Stone Creek Blvd. Suite 900
Flowood, MS 39232